UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**DOCKETING STATEMENT**

| | |
|---|---|
| Appeal Number | Case No. 25-2043 |
| Case Name | MARK MONDRAGON, o.b.o. D.M., a minor child, <br><br> and <br><br> SARAH MONTOYA, o.b.o L.M., a minor child, <br><br> and <br><br> ANGELA SALAZAR, o.b.o J.M., a minor child, <br><br>    Appellees/Plaintiffs, <br><br> vs. <br><br> GEORGE ARCHULETA, in his individual capacity, <br><br>    Appellant/Defendant, <br><br> and <br><br> RIO RANCHO PUBLIC SCHOOLS BOARD OF EDUCATION, <br><br>    Defendant. |
| Party or Parties Filing Notice of Appeal Or Petition | GEORGE ARCHULETA, in his individual capacity. |

1

| Appellee(s) or Respondent(s) | MARK MONDRAGON, o.b.o. D.M., a minor child, and SARAH MONTOYA, o.b.o L.M., a minor child, and ANGELA SALAZAR, o.b.o J.M., a minor child, |
|---|---|
| List all prior or related appeals in this court with appropriate citation(s). | N/A |

## I. JURISDICTION OVER APPEAL OR PETITION FOR REVIEW

### A. APPEAL FROM DISTRICT COURT

1. Date final judgment or order to be reviewed was **entered** on the district court docket: March 31, 2025

2. Date notice of appeal was **filed**: April 30, 2025

3. State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): 30 days pursuant to Fed. R. App. P. 4(a)(1)(A)

    a. Was the United States or an officer or an agency of the United States a party below? No

    b. Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: N/A

**4.** Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

    **a.** Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

        N/A

    **b.** Has an order been entered by the district court disposing of any such motion, and, if so, when?

        N/A

**5.** Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. No

**(If your answer to Question 5 is no, please answer the following questions in this section.)**

    **a.** If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

        No

    **b.** If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. ' 1292(a)? No

    **c.** If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? This appeal is based on the district court's denial of the defense of qualified immunity pursuant to 28 U.S.C. § 1291. *See Mitchell v. Forsyth,* 472 U.S. 511, 530 (1985)

**6.** Cross Appeals.

    **a.** If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

        N/A

      **b.**    If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals).  N/A

**B.    REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

    **1.**    Date of the order to be reviewed: _____

    **2.**    Date petition for review was filed: _____

    **3.**    Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

    **4.**    Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

**C.    APPEAL OF TAX COURT DECISION**

    **1.**    Date of entry of decision appealed: _____

    **2.**    Date notice of appeal was filed: _____
(If notice was filed by mail, attach proof of postmark.)

    **3.**    State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

    **4.**    Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

## II. ADDITIONAL INFORMATION IN CRIMINAL APPEALS.

**A.** Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed? _____

**B.** If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

**C.** Describe the sentence imposed. _____

_____

**D.** Was the sentence imposed after a plea of guilty? _____

**E.** If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? _____

**F.** Is the defendant on probation or at liberty pending appeal? _____

**G.** If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? _____

**NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

## III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.

The three (3) Plaintiff students attended V. Sue Cleveland High School in the Rio Rancho Public School District during the relevant alleged events. Plaintiffs aver that Defendant George Archuleta touched the Plaintiff students inappropriately while searching for contraband. At the time of the alleged unlawful searches, Defendant Rio Rancho Public Schools Board (hereinafter "Defendant Board") employed Defendant Archuleta as a campus security aide at V. Sue Cleveland High School.

Plaintiffs filed separate lawsuits in state court asserting claims against Defendants under 42 U.S.C. § 1983 (Count I) and the New Mexico Tort Claims Act ("NMTCA") (Counts II, III, and IV). Defendants removed the three (3) cases to federal court, where they were consolidated on the parties' joint request. On March 18, 2025, the district court granted summary judgment for Defendants on Counts II and III, and for Defendant Archuleta on Count IV, but denied summary judgment for Defendant Board on Count IV. ECF Doc. 89. Therefore, Plaintiffs' sole remaining claim against Defendant Archuleta for alleged constitutional violations is being brought against him in his individual capacity.

On September 11, 2023, Defendant Archuleta filed his motion for summary judgment on Count I based on qualified immunity. ECF Doc. 66. Following completion of briefing, the district court denied Defendant's Archuleta's summary judgment motion on March 31, 2025. ECF Doc. 90.

In doing so, the district court heavily relied on *Safford Unified School District v. Redding,* 557 U.S. 364 (2009) (a case that unlike the present proceeding, involved a strip search of a female student, pulling of her underwear/bra and resulting exposure of her intimate body parts) to conclude "that any reasonable school official would know it violates the Fourth Amendment [to touch genitalia over the clothing during an otherwise justified student search at its inception], even in the absence of Supreme Court or Tenth Circuit precedent directly on point." ECF Doc. 90 at p. 9. The seven (7) searches of Plaintiff students at issue, however, were not *Safford*-level searches (there was no exposure of intimate body parts and there existed here a high level of justification) and therefore it was error for the district court to rely on *Safford* for the district court's denial of Defendant Archuleta's qualified immunity motion.

The district court also failed to weigh considerations on the all-important subject of school safety that demonstrated a higher level of justification existed for the seven (7) searches of the Plaintiff students. The undisputed facts demonstrated Plaintiff students were friends with one other and all three were in what Plaintiff J.M. agreed was a "group that [they] were affiliated with"; all three Plaintiff students were well-known to school administrators; J.M. had been expelled from middle school as a 5"8', 200-pound 7th or 8th grader for striking a female school aide; and in the first few weeks of their freshman year, L.M. was caught and disciplined for smoking an e-cigarette on school premises and D.M. was known to have been physically threatened by another student. It is further undisputed that as of September of 2018, school administrators knew of an Instagram group chat involving D.M. where a handgun and the potential for physical violence were discussed, and administrators had been informed by a student in that chat that "a lot of boys were carrying guns at the time." In addition, it is undisputed that during his freshman and sophomore years, J.M. was regularly threatened with physical violence by other students, who were considered by school administrators to be "a rival group of students," and that J.M. was written up for disciplinary offenses more than 40 or 50 times.

In sum, high school officials knew the three Plaintiff students to be "affiliated" with a "friend group" that discussed fighting, handguns, and potential violence, and all three were objectively reasonably suspected of engaging in serious, dangerous activity that threatened school safety at V. Sue Cleveland High School. These considerations should have carried substantial evidentiary weight in the district court's assessment of the scope of the seven (7) searches at issue, to conclude that a higher level of justification existed to search more intimate areas. Yet the district court discounted these undisputed facts and failed to analyze whether a more intrusive search was constitutionally acceptable based on these circumstances. *See New Jersey v. T.L.O.,* 469 U.S. 325, 341 (1985) ("the legality of a search of a student … depend[s] simply on the reasonableness, under all the circumstances, of the search."). A "school official's search of a student is permissible in scope … when it is conducted in a way that is 'reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction.'" *Id.* at 342.

Finally, Plaintiffs failed to meet their burden of demonstrating with particularized case law that the Fourth Amendment rights they sought to assert were

clearly established. A plaintiff has a heavy two-part burden for overcoming an assertion of qualified immunity. *Thomas v. Kaven,* 765 F.3d 1183, 1194 (10th Cir. 2014) (plaintiff "bears a heavy two-part burden"). Plaintiffs here failed to satisfy both prongs of the qualified immunity test. Without doing so, the district court should not have proceeded to analyze Defendant Archuleta's qualified immunity motion under the standard Rule 56 burden-shifting framework.

**IV. IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

Whether the District Court Erred in Not Granting Defendant George Archuleta's Motion for Summary Judgment on the Basis of Qualified Immunity as to Plaintiffs' Fourth Amendment civil rights claims when it relied on *Safford Unified School District v. Redding,* 557 U.S. 364 (2009), an inapposite case involving a strip search of a female student, pulling of her underwear and exposure of her intimate body parts; and when the district court discounted undisputed material facts that justified a more intrusive search that was constitutionally acceptable based on the circumstances.

**V. ATTORNEY FILING DOCKETING STATEMENT:**

Name: <u>Carlos M. Quiñones</u>　　　　　　　Telephone: <u>(505) 992-1515</u>

Firm: <u>Quiñones Law Firm LLC</u>

Email Address: <u>quinoneslaw@cybermesa.com</u>

Address: <u>1223 S. Saint Francis Drive, Ste. C</u>

<u>Santa Fe, NM 87505-4053</u>

<u>*/s/ Carlos M. Quiñones*</u>　　　　　　　　<u>May 14, 2025</u>
Signature　　　　　　　　　　　　　　　　Date

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information

regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, Carlos M. Quiñones, attorney for Appellant/Defendant George Archuleta, hereby certify that on May 14, 2025, I served a copy of the foregoing **Docketing Statement**, via email to:

Jason Bowles, Esq.
Bowles Law Firm
4811 Hardware Dr. NE, Ste. D-5
Albuquerque, NM 87109
(505) 217-2680

and

Todd J. Bullion, Esq.
300 Central Ave. NW, Ste. 1000-E
Albuquerque, NM 87102
(505) 452-7674
*Attorneys for Appellees/Plaintiffs*

Jerry A. Walz, Esq.
Alisha L. Walz, Esq.
Walz & Associates, P.C.
133 Eubank Blvd. NE
Albuquerque, NM 87123-2709
(505) 275-1800
*Attorneys for Defendant Rio Rancho Public Schools Board of Education*

*/s/ Carlos M. Quiñones*
Signature

Date   May 14, 2025

Carlos M. Quiñones
Quiñones Law Firm LLC
1223 S. Saint Francis Drive, Ste. C
Santa Fe, NM 87505-4053
(505) 992-1658 (direct line)
quinoneslaw@cybermesa.com